IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Melanie R. Johnson, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Geely LLC., DBA The Taste of Asian Bistro and Meechang Chan *individually*,<br><br>Defendants. | CIVIL ACTION NO. 2:19-cv-00380-DCN<br><br>Collective Action Complaint<br>(Jury Trial Requested) |

Plaintiff Melanie Johnson, on behalf of herself and all others similarly situated individuals, by way of her Complaint in the above-captioned matter, alleges and show unto this Honorable Court the following:

## NATURE OF CLAIM

1. This is an action for violations of unpaid overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, (FLSA).

2. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b), individually and on behalf of herself and other similarly situated employees of the Defendants who suffered damages because of Defendants' violations of the FLSA.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Melanie Johnson is a resident and citizen of Charleston County, South Carolina.

4. Defendant, Geely Inc, DBA The Taste of Asian Bistro, (hereinafter "The Taste of Asian Bistro") is a for profit corporation, registered with the South Carolina Secretary of State.

5. On information and belief, Meechang Chan also known as Anita Chang (hereinafter "Chang") is a citizen and resident of Dorchester County, South Carolina and is an owner and General Manager of The Taste of Asian Bistro. Defendant Chang acted directly and/or indirectly in the interest of Defendants in relation to Plaintiff and similarly situated employees.

6. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Dorchester County, which is in the Charleston Division. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

7. Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all employees who work in excess of forty (40) hours in any given work week, but who have not received overtime compensation for these hours within the last three years.

8. This Court has jurisdiction of the state claims alleged herein, and of the FLSA claim per 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

9. At all times pertinent to this Complaint, Defendants are an enterprise engaged in interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s).

10. Based upon information and belief, the annual gross sales volume of the Defendants' business was more than $500,000.00 per year at all times material hereto.

## FACTS

11. At all times, relevant herein, Defendants own and operate The Taste of Asian Bistro located at 10645 Dorchester Rd, Summerville, South Carolina.

12. At all times, relevant herein, Defendant Chang regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of the business.

13. Plaintiff has been employed by the Defendants as a cook from approximately November of 2017 to December of 2018.

14. Plaintiff's primary duties were to cook items contained on The Taste of Asian Bistro's menu for restaurant patrons.

15. Plaintiff was a non-exempt employee.

16. Plaintiff job duties did not including creating or designing unique dishes.

17. Plaintiff does not have four-year culinary arts degree.

18. Plaintiff did not perform any management functions.

19. Plaintiff did not supervise employees.

20. Plaintiff did not have the authority to hire or fire other employees. Nor were her suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given weight.

21. Plaintiff was paid a fixed rate of one hundred and ten dollars ($110.00) per day.

22. Plaintiff, as well as similarly situated employees, routinely worked six (6) days week and eleven hours (11) a day.

23. Defendants paid Plaintiff, as well as similarly situated employees, a fixed rate pay per day, regardless of whether, she worked more than forty (40) hours in any given week.

24. Plaintiff regularly worked twenty-six hours (26) week overtime.

25. Defendants did not compensate Plaintiff, and similarly situated employees, overtime pay when she worked more than forty (40) hours in any given week.

26. Plaintiff had an employment agreement with Defendants that her compensation would be consistent with all applicable laws, including federal and state wage laws.

27. At all times, relevant to this Complaint, Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours per week; and Defendants fail to compensate them at a rate of one and one-half times their regular hourly wage.

## **FIRST CAUSE OF ACTION**
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

28. Plaintiff, on behalf of herself and all other similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein.

29. Plaintiff and the members of the Plaintiff's class are employees of Defendants for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

30. Defendants failed to pay Plaintiff and the members of the Plaintiff's class at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

31. Defendants also failed to pay Plaintiff and the members of the Plaintiff's class for all compensable time for which Plaintiff provided work for the benefit of Defendants.

32. Plaintiff and the members of the Plaintiff's class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

33. Plaintiff and the members of the Plaintiff's class are also entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate, as appropriate compensation for all time spent in working for Defendants, which was wrongfully excluded by Defendants in calculating their compensable time.

34. The failure of Defendants to compensate, Plaintiff and the other similarly situated employees for overtime work is knowing, willful, intentional, and done in bad faith.

35. Plaintiff and the members of the Plaintiff's class are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. The work and pay records of Plaintiff and the members of the Plaintiff's class are in the possession, custody, and/or control of Defendants. Defendants are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained.

37. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

38. Plaintiff is also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and similarly situated employees who join this action demand:

a) Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates;

c) Judgment against Defendants that they violated the FLSA by not paying overtime;

d) Judgment against Defendants that they violated the FLSA by not keeping accurate records;

e) Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

f) Liquidated damages in an amount equivalent to the overtime damages owed to Plaintiff;

g) Leave to add additional Plaintiffs by motion, the filing of written consent forms; or any other method approved by the Court;

h) Leave to amend to add other Defendants who meet the definition of Plaintiffs' employer, 29 U.S.C. § 203(d);

i) Injunctive relief to require Defendants to record, report and preserve records sufficient to enable Plaintiff and similarly-situated employees to determine their wages, hours and conditions and practices of employment, including practices regarding deductions and payment and nonpayment of overtime as mandated by the FLSA.

j) Attorneys' fees and costs; and

k) All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Johnson on her behalf and on behalf of all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd, Suite 100
Mount Pleasant, South Carolina 29464
Phone (843) 588-5587
Fax (843) 593-9334
marybeth@mullaneylaw.net
*Attorney for Plaintiff*

February 10, 2019