IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Melanie Johnson, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Geely LLC., DBA The Taste of Asian Bistro and Meechang Chan individually<br><br>Defendants. | CIVIL ACTION NO.: 2:19-cv-0380-DCN<br><br>JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT |

## **INTRODUCTION**

Plaintiff Melanie Johnson and Defendants Geely LLC., DBA The Taste of Asian Bistro and Meechang Chan individually (collectively "Defendants"), respectfully request this Court approve their settlement of the above-captioned lawsuit, which includes claims brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq. This settlement is the product of an arm's-length negotiation between the parties, resolves a bona fide dispute, and is fair and reasonable. For these reasons, the Court should grant this Joint Motion for Approval of Settlement.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed a Complaint against Defendants on February 10, 2019 alleging that Defendants had violated the FLSA. Plaintiff's primary allegation is that she did not received overtime compensation when she worked in excess of forty (40) hours in any given work week. (ECF No 1). In their Answer, the Defendants deny these allegations and maintain that they properly paid Plaintiff under the FLSA.

The parties engaged in mediation on March 6, 2020. The conference was conducted by mediator Bill Lyles, who is a skilled and reputable mediator. Prior to the mediation, Defendants had accumulated and offered for inspection Plaintiff's time and payroll records. During the mediation, the parties separately negotiated the amounts to be recovered by Plaintiff as damages and the amount to be recovered in attorneys' fees and costs associated with the litigation. Among the factors considered in negotiating the amounts to be recovered by the Plaintiff was the defenses asserted by the Defendants, the time and burden of the discovery that would need to be conducted, the work and effort contributed by Plaintiff, and the expense associated with continuing litigation. With regard to negotiating attorneys' fees, the parties considered the lodestar method applied in the Fourth Circuit, and considered the reasonable hourly rates multiplied by the hours performing work that was reasonable and necessary. See, e.g., *Grissom v. The Mills Corp.*, 549 F.3d 313 (4th Cir. 2008).

At the conclusion of the mediation, the Parties reached an agreement and thereafter memorialized the settlement terms into a Settlement Agreement that is being submitted for inspection. All named Plaintiffs and Defendants have agreed to the terms of the Settlement Agreement.

**LEGAL DISCUSSION**

Settlements of FLSA claims are appropriate for court approval when the settlement is a "fair and reasonable resolution of a bona fide dispute over [the] FLSA." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). The settlement ultimately reached was the product of arm's-length negotiations between the Parties. It provides relief to Plaintiffs and eliminates the risk the Parties would bear if this litigation were to continue. See *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as a strong indication of fairness).

1.     The Settlement Is Fair And Reasonable.

The factors to be considered in evaluating the fairness of a FLSA settlement include the following: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiff; (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. See, e.g., id.; *Lomascolo v. Parsons Brinckerhoff, Inc., No*. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *11 (E.D. Va. Sept. 28, 2009) (citations omitted); *Houston v. URS Corp*., 2009 U. S. Dist. LEXIS 70151 (E.D. Va. 2009). Approval of settlements in collective actions under the FLSA generally involves less stringent standards than Rule 23 class settlements. *Clark v. Ecolab, Inc*., 2010 WL 1948198, * 7 (S.D.N.Y. May 11, 2010). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Id. (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)). Here, where the validity of Plaintiffs' FLSA claims is in dispute, the parties have engaged in discovery, and continuing to litigate the claims poses risks to both parties, a settlement

3

resulting from an arm's-length negotiation should be approved. *Houston v. URS Corp.*, No. 1:08cv203, 2009 WL 2474055, at *2,*5-10 (E.D. Va. Aug. 7, 2009) (approving FLSA settlement after determination that it was a fair and reasonable resolution of a bona fide dispute); *Lomascolo*, 2009 WL 3094955, at *10 (approving settlement of FLSA claims and noting "[l]itigants should be encouraged to determine their respective rights between themselves and there is an overriding public interest in favor of settlement, particularly in class action suits.") (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

First, as discussed above, the parties engaged in pertinent fact discovery regarding the issues in this case. In addition to initial disclosures, Defendants provided relevant timesheets for Plaintiff and responded to interrogatories and requests for production, allowing the Plaintiff to evaluate her claims and the Defendants' defenses, as well as the risks inherent in continuing to litigate the claims to trial. Based on the information exchanged by the parties through discovery, counsel for the parties were able to narrow the issues of the case and agreed to engage in formal mediation. The discovery has permitted the parties to evaluate the claims including the manner of proof required, and approximate the risks and expenses associated with continuing litigation.

Second, the stage of the proceedings also weighs in favor of approval of the Parties' settlement. As set forth above, the Parties have engaged in written discovery and investigated the merits of the claims and defenses that have been and would be presented if litigation were to continue along with the costs and risks associated with proceeding. Third, the settlement is the product of an arm's-length negotiation. "There is a presumption that no fraud or collusion occurred between counsel" during the negotiation of a settlement, absent evidence to the contrary. *Lomascolo*, 2009 WL 3094955 at *12. The Parties were all represented by counsel at the

4

mediation, and the settlement reached there was the result of an arm's-length negotiation between the Parties at mediation conducted by a skilled and experienced mediator. The Parties discussed the strengths and weaknesses of their relative positions and eventually reached an agreement that represented a reasonable allocation of the risk and expenses of continuing litigation. Plaintiff has agreed to the settlement. The representations by counsel regarding the arm's-length nature of the settlement negotiations and the lack of evidence of fraud or collusion weigh in favor of approving the settlement. See *Lomascolo,* 2009 WL 3094955 at *7 (when the court determines that a settlement agreement was the product of arms-length negotiations that weighs in favor of approving the settlement).

Fourth, Counsel for both Plaintiff and Defendants are experienced in FLSA litigation. Plaintiff's Counsel Marybeth Mullaney has litigated several FLSA cases and has significant experience in complex litigation in state and federal court. Ms. Mullaney has been a practicing attorney for more than twenty-years and has the skills and expertise to adequately prosecute the Plaintiff's claims. Additionally, Defendants' Counsel has significant experience in complex litigation in state and federal court, and regularly advises and defends employers in claims by employees in federal and state courts, including claims arising under the FLSA. Consequently, counsels' experience litigating FLSA claims weigh in favor of approving the settlement. The settlement amount is adequate when viewed against the risks, expenses, and delays inherent in continued litigation. Moreover, any recovery Plaintiff could potentially receive if she continues to litigate her claims will be delayed while the parties engage in additional discovery, motions practice and, potentially, a trial. Such delays could last a year or longer. Plaintiff's allocation of settlement funds is based on the number of overtime hours she worked during the applicable statute of limitations period for the relevant time. Although it may be possible for Plaintiff to receive a

higher recovery after trial, it would also be possible for Plaintiff to receive a lower net recovery after trial considering the expense and delay inherent in continued litigation and possible appeals. The settlement eliminates the risks of litigation and provides Plaintiff a recovery now rather than at the conclusion of litigation. In light of all of these risks, the parties made a reasonable decision to settle this case for the terms set forth in the proposed Settlement Agreement.

Finally, the attorneys' fees and costs are reasonable and appropriate. The parties negotiated the fees separately from the award to the Plaintiffs, and based the amount of the fee award on the hourly rates and work performed by Plaintiffs' counsel. Accordingly, the fee award is not reducing the amounts to be paid to the Plaintiffs as damages.

## CONCLUSION

For all of the foregoing reasons, Plaintiff and Defendants respectfully request that the Court grant approval of the proposed Settlement Agreement.

/s/ Marybeth Mullaney
Marybeth Mullany (Fed. ID. 11162)
MULLANEY LAW
652 Rutledge Ave Ste A
Charleston, SC 29403
P: 843 588-5587
Email: Marybeth@mullaneylaw.net

*Attorney for Plaintiff*

/s/ C. Brandon Belger
C. Brandon Belger (Fed ID 11280)
Wm. Mark Koontz (Fed ID 7840)
KOONTZ MLYNARCZYK, LLC
1058 East Montague Avenue
North Charleston, SC 29405
T: (843) 225-4252
F: (843) 277-9120
Email: mark@kmlawsc.com
       brandon@kmlawsc.com

*Attorneys for Defendants*

6