## FULL, FINAL AND COMPLETE RELEASE
## THIS RELEASE ENDS ALL CLAIMS

This Full, Final and Complete Release ("Release") is entered into by and between Melanie Johnson, ("Johnson") her heirs, estate, executors, administrators, personal representatives, successors and/or assigns and Geely LLC., DBA The Taste of Asian Bistro and Mee Cheung Chan (improperly named Meechang Chan) *individually*, and all officers, employees, owners, partners, agents, directors, trustees, representatives, servants, insurance carriers, beneficiaries, administrators, affiliates, assigns and any and all other people, corporations or other entities now or in the past or hereafter controlling, controlled by, under common control with, managing or otherwise related to the Taste of Asian Bistro restaurant 10645 Dorchester Rd, Summerville, SC 29485; and is based on the following recitals:

On February 10, 2019, Johnson filed an action against Geely LLC., DBA The Taste of Asian Bistro and Mee Cheung Chan, ("Geely") which is currently pending in the United States District Court for the District of South Carolina, captioned *2:19-cv-00380-DCN Johnson v. Geely LLC et al*, in which Johnson seeks relief for employment actions by Geely, including a failure to pay all overtime wages due and owing under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "Related Litigation").

Counsel for the Parties have agreed that pursuing a determination by the Court on the alleged violations in the Related Litigation would be time consuming and costly to both sides. Accordingly, the parties desire that all disputes between them, including but not limited to the claims brought in the Related Litigation, be terminated and resolved without further litigation or adjudication.

In consideration of the promises and covenants set forth in this Release, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree:

1. **Consideration.** In consideration for signing this Release, the execution of the Settlement Agreement (hereinafter "Agreement"), which is fully incorporated herein, and for the compliance with the promises made herein by, Geely agrees to pay the gross sum of twenty-two thousand and five hundred dollars ($22,500.00) of which Johnson will receive fifteen thousand seventy-five dollars ($15,075.00), less applicable taxes as set forth below, and Mullaney Law will receive seven thousand four hundred and twenty five dollars ($7,425.00) for attorney's fees and costs.

Geely agrees to pay the following payment plan:

a.  The first payment of $12,500.00 will be due within 5 business days from Court Approval, to be allotted as W-2 wages to Melanie Johnson in the amount of $8,375.00, less any required South Carolina or federal taxes and other withholdings, and attorney's fees to Mullaney Law in the amount of $4,125.00;

b.  The second payment of $5,000.00 will be due 30 days following the first payment, to be allotted as 1099 wages to Melanie Johnson in the amount of $3,350.00 to Melanie Johnson, and attorney's fees to Mullaney Law in the amount of $1650.00;

c.  The final payment of $5,000.00 will be due 30 days following the second payment, to be allotted as 1099 wages to Melanie Johnson in the amount of $3,350.00, and attorney's fees to Mullaney Law in the amount of $1650.00.

These payments represent a compromise of any and all claims of unpaid overtime wages.

2. **<u>No Consideration Absent Execution of this Release.</u>** Johnson understands and agrees that she would not receive the monies and/or benefits specified in Paragraph 1 above, except for her execution of this Release and the Agreement, and the fulfillment of the promises contained herein.

3. **<u>General Release of All Claims.</u>** Johnson, knowingly and voluntarily does hereby release, forever discharge and promise never to sue or initiate any claim against Geely and its officers, employees, owners, partners, agents, directors, trustees, representatives, servants, insurance carriers, beneficiaries, administrators, affiliates, assigns and any and all other people, corporations or other entities now in the past or hereafter controlling, controlled by, under common control with, managing or otherwise related to Taste of Asian Bistro restaurant 10645 Dorchester Rd, Summerville, SC 29485 who might be claimed to be liable at some point, from and/or with regard to any and all causes of action, claims, attorneys' fees, demands, damages, suits at law or in equity, of whatsoever kind or nature, known or unknown or because of any matter or thing done, omitted or suffered to be done, by Geely prior to and including the date hereof, arising out of Geely's payment of wages or alleged failure to pay all wages and tips due and owing to Johnson or otherwise relating to Johnson's employment, terms of employment and/or events surrounding her employment with Geely. This Release specifically includes any and all claims arising out of the employment relationship of the Parties, including without limitation any and all claims under Title VII of the Civil Rights Acts of 1866, 1964, and/or 1991, the Civil Rights Attorney's Fee Awards Act (42 U.S.C. § 1988), the Equal rights Act of 1870, the Age Discrimination in Employment Act (ADEA), the Older Workers Benefit Protection Act (OWBPA), the Rehabilitation Act of 1973, the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) (42 U.S.C. §§ 12101 et seq.), the Fair Labor

Standards Act of 1938 (FLSA), the Equal Pay Act of 1963, the Health Insurance Portability and Accountability Act of 1966 (HIPAA), the Health Information Technology for Economic and Clinical Heath Act (HITECH), the Employee Retirement Income Security Act of 1974 (ERISA), the National Labor Relations Act (NLRA), the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), the American Recovery and Reinvestment Act of 2009 (ARRA), the Uniformed Services Employment and Reemployment Rights Act (38 U.S.C. § 4301), the South Carolina Workers' Compensation Laws, the Family and Medical Leave Act of 1993 (FMLA), the prohibition against retaliation based on Workers' Compensation actions (S.C. Code Ann. § 41-1-80), the South Carolina Human Affairs Law, the South Carolina Bill of Rights for Handicapped Persons (S.C. Code Ann. § 43-33-519 et seq.), the South Carolina Wage Payment Statute (S.C. Code Ann. § 41-10-10 et seq.), the South Carolina Employment Security Law, the Equal Pay Act of 1962 (29 U.S.C. § 206(d)), the Sarbanes-Oxley Act of 2002, the Constitution of the United States of America and its Amendments, the Constitution of the State of South Carolina and its Amendments, and any other federal, state or local statute, ordinance or other regulation or amendment of such or common law, including without limitation those regarding employment, discrimination in employment, notice of termination of employment or the termination of employment on any prohibited basis and/or any and all other law or principles of equity, including without limitation (by way of example) claims of discrimination on the basis of age, sex, gender, pregnancy, race, disability, religion, national origin or veteran status, harassment, retaliation, work-related injury or illness, whether physical in nature or manifested by psychological or emotional stress, conspiracy, fraud, breach of employment contract, breach of contract accompanied by a fraudulent act, invasion of privacy, defamation (written, oral and/or by inference) wrongful discharge in violation of public policy, retaliation, interference with contract

or prospective contract or contractual advantage, breach of implied covenant of good faith and fair dealing, promissory estoppel or other contract theory, malicious prosecution, abuse of process, unfair or deceptive trade practices, infliction (negligent or intentional) of emotional distress, assault, battery, negligence, gross negligence or recklessness.

4. **Acknowledgements and Affirmations.** Johnson represents and affirms that she has not filed, caused to be filed, or is presently a party to any claim against Geely with any state or federal department or agency, apart from the Related Litigation. To the extent permitted by law, Geely agrees that if such an administrative claim is made, Johnson shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **Taxes.** Johnson expressly acknowledges and agrees that she is relying upon her own legal and/or tax advisors, and not upon Geely or its attorneys, with respect to any tax aspects of this Release. Each Party shall remain fully responsible for payment of any and all taxes for which it is legally responsible to pay as a result of this Release, or the Agreement, or any payments hereunder. Johnson will provide Geely with an IRS Form W-4, and is solely responsible for the information provided therein.

6. **Nonadmission of Wrongdoing.** Johnson and her counsel agree that this is a compromise of a disputed claim and that the Related Litigation has been time consuming and costly for both sides and, moreover, the additional discovery required in the Related Litigation would be further time consuming and costly for both sides. Johnson agrees that the payment of the consideration for this Release is not to be considered an admission of liability on the part of Geely by whom all liability is expressly denied.

7. **Enforceability of this Release.** Johnson agrees to cooperate with Geely and take all reasonable steps to ensure the enforceability of all the terms of this Release, including taking

all such acts necessary or required to obtain a court order approving this Release and the incorporated Agreement. The provisions of this Release are contractual and not merely a recital and may be used as a defense in any action or proceeding instituted or undertaken by Johnson. Moreover, Johnson states affirmatively that she has read this Release carefully, that she knows and understands the contents thereof and that there is no agreement other than that expressed herein. Further, Johnson agrees that this instrument may be pled as a defense in any action or other proceeding which may be brought or instigated arising out of the claims, demands, actions and causes of action recited above.

8. **Governing Law and Interpretation.** The Parties agree that this Release shall be governed and conformed in accordance with the laws of the State of South Carolina without regard to its conflict of law provisions. Should any provision of this Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Release in full force and effect. In the event any provision of this Release or its application to any person or circumstances shall be finally determined by a court of proper jurisdiction to be invalid or unenforceable to any extent, the remainder of this Release, or the application of such provision to person or circumstance other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Release shall be valid and enforced to the fullest extent permitted by law.

9. **Entire Agreement.** This Release, and the incorporated Agreement, set forth the entire agreement between the Parties hereto. Johnson acknowledges that she has not relied upon any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Release, except for those set forth in this Release and the incorporated

Agreement. Johnson further acknowledges that she is under no duress or obligation to accept this Release and her acceptance of this Release is knowing, voluntary and made in exchange for adequate and fair consideration.

_____
Geely, LLC d/b/a The Taste of Asian Bistro
By: Mee Cheung Chan
Its: Member

_____
Mee Cheung Chan (improperly named Meechang Chan), individually

DocuSigned by:
*[signature]*
E77BBAD439C847F...
Melanie Johnson